E-filed: March 9, 2017

1  Bob L. Olson (NV Bar No. 3783)
   Justin L. Carley (NV Bar No. 9994)
2  Charles E. Gianelloni (NV Bar No. 12747)
   SNELL & WILMER L.L.P.
3  3883 Howard Hughes Parkway, Suite 1100
   Las Vegas, NV 89169
4  Telephone: (702) 784-5200
   Facsimile:  (702) 784-5252
5  Email: bolson@swlaw.com
           jcarley@swlaw.com
6          cgianelloni@swlaw.com

7  *Attorneys for Half Dental Franchise, LLC, Chayse Myers, Matt Baker, and HDM, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. 16-16602-btb |
| BRANDON MICHAEL D'HAENENS, | Chapter 7 |
| Debtor. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. § 523(a)(2), (a)(4), AND (a)(6)** |
| HALF DENTAL FRANCHISE, LLC, HDM, LLC, CHAYSE MYERS, AND MATT BAKER, | Adversary Proceeding No. _____ |
| Plaintiffs, | |
| v. | |
| BRANDON MICHAEL D'HAENENS, | |
| Defendant. | |

Half Dental Franchise, LLC, HDM, LLC, Chayse Myers, and Matt Baker (collectively, "Plaintiffs") object to the discharge of the debt owed to the Plaintiffs pursuant to 11 U.S.C. §523(a)(2), (a)(4), and (a)(6). In support of their complaint, Plaintiffs allege and state as follows:

///

///

///

4818-9137-3380

# I.

# PARTIES

1. Plaintiff Half Dental Franchise, LLC ("Half Dental") is a Nevada limited liability company.

2. Plaintiff HDM, LLC ("HDM") is a Nevada limited liability company.

3. Plaintiff Chayse Myers is a Utah resident.

4. Plaintiff Matt Baker is a Utah resident.

5. Defendant Brandon Michael D'Haenens ("D'Haenens" or "Debtor") claims to be a resident of the State of Nevada.

# II.

# JURISDICTION AND VENUE

6. On or about December 13, 2016, D'Haenens filed a Chapter 7 Bankruptcy Petition with the United States Bankruptcy Court for the District of Nevada, Case No. 16-16602-btb.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

8. This Complaint seeks to except Plaintiffs' claims from Debtor's discharge pursuant to 11 U.S.C. § 523.

9. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J). In the event this matter is not a core proceeding, Plaintiffs consent to this matter being heard by the bankruptcy court.

10. Venue of this proceeding is properly before the United States Bankruptcy Court for the District of Nevada pursuant to 28 U.S.C. § 1409(a).

# III.

# STATEMENT OF FACTS

**A.  The Arbitration Award and Judgment**

11. Half Dental is a company created to franchise dental practices and was owned by Chase Myers, Matt Baker, and Defendant Brandon D'Haenens.

///

12. Unknown to Myers and Baker, D'Haenens was developing his own network of alliances for possible business opportunities without Half Dental or its members.

13. D'Haenens entered into secret discussions with Half Dental franchisees to enter into separate licensing deals without Half Dental.

14. D'Haenens also secretly decided to cut Half Dental out of negotiations with prospective Half Dental customers, including Walmart.

15. When Myers and Baker discovered D'Haenens' conduct, Half Dental filed an AAA Arbitration Demand against D'Haenens and others.

16. Half Dental pursued claims against D'Haenens for breach of contract: self-dealing, breach of contract: non-competition and confidentiality provisions, breach of the covenant of good faith and fair dealing, tortious interference with contract and prospective business relationships, breach of fiduciary duty/defalcation, conversion and embezzlement, unjust enrichment, civil conspiracy, and for declaratory relief.

17. From May 15, 2015 to May 20, 2015, the AAA Arbitrator held a hearing in Las Vegas, Nevada to hear all claims and counterclaims.

18. D'Haenens participated in the hearing and was represented by counsel.

19. On June 4, 2015, the Arbitrator rendered his Arbitrator's Decision and Award.

20. On June 16, 2015, the Arbitrator modified the June 4, 2015 Award to correct an oversight ("Final Award"). A copy of the modified Final Award is attached as **Exhibit 1**.[1]

21. Specifically, the Arbitrator found that D'Haenens was liable to Plaintiffs for breaches of contract, breach of the covenant of good faith and fair dealing, tortious interference with contract and prospective business relationships, breach of fiduciary duty/defalcation, conversion and embezzlement, unjust enrichment, civil conspiracy. Exhibit 1 at 17.

22. The Arbitrator also awarded declaratory relief in favor of Plaintiffs and against D'Haenens. *Id.* at 18, 19.

---

[1] A copy of the Final Award is also attached as Exhibit 1 to the Order Granting Motion to Confirm Arbitration Award and Judgment, which is defined below.

- 3 -

23. The Final Award granted the overwhelming majority of Plaintiffs' claims and awarded $6,179,407.64 in compensatory and punitive damages, and for reimbursement of Plaintiffs' fees and costs. *Id.* at 20, 21-23, 25, 27, 28.

24. The Arbitrator found D'Haenens individually liable for $500,000 in punitive damages. *Id.* at 20-28.

25. On June 17, 2015, Half Dental filed a Motion to Confirm Arbitration Award and Request to Enter Judgment ("Motion to Confirm") in the Eighth Judicial District Court, requesting the court confirm the attached Final Award and enter judgment pursuant to NRS 38.239 and 38.243.

26. On August 10, 2015, the state court entered its order confirming the Arbitration Award. A copy of the Order Granting Motion to Confirm Arbitration Award and Judgment is attached as **Exhibit 2**.

**B.     The Fraudulent Transfers**

27. D'Haenens purchased APN 140-35-110-067, commonly referred to as 609 North Los Feliz Street, Las Vegas, Nevada 89110, in 2006, and he claims it has been his "principal and legal residence" ever since ("Property").

28. D'Haenens recorded a homestead declaration on the Property in 2007, and again in June of 2015. True and correct copies of the D'Haenens homestead declarations are attached as **Exhibits 3** and **4**.

29. In 2012, multiple trusts quitclaimed their interests in the Property. True and correct copies of the trust quitclaim deeds are attached as **Exhibits 5** and **6**.

30. One week after the Arbitrator issued the Final Award, on June 23, 2015, D'Haenens quitclaimed his interest in the Property to George Doty, an individual who has consistently assisted D'Haenens in avoiding his responsibilities and in defrauding Plaintiffs. A true and correct copy of the D'Haenens – Doty quitclaim deed is attached as **Exhibit 7**.

31. Doty recorded a homestead declaration on the Property two days later. A true and correct copy of the Doty homestead declaration is attached as **Exhibit 8**.

32. Once Plaintiffs became aware of the transfers, they commenced a fraudulent transfer action in the Eighth Judicial District Court against D'Haenens, Doty, and others, on July 27, 2015, Case No. A-15-722175-C ("Fraudulent Transfer Action").

33. The very next day, July 28, Doty quitclaimed the Property to Steven Simmons, another individual who has assisted D'Haenens in avoiding his obligations. A true and correct copy of the Doty - Simmons quitclaim deed is attached as **Exhibit 9**.

34. Less than two months later, Simmons then re-conveyed the Property to D'Haenens for ten dollars ($10.00), despite two intervening quitclaim deeds and corresponding homestead declarations. A true and correct copy of the Simmons – D'Haenens reconveyance deed is attached as **Exhibit 10**.

35. The Court in the Fraudulent Transfer Action granted summary judgment in favor of Plaintiffs, and made a finding that "Defendants failed to provide sufficient evidence that the transfer from D'Haenens and Bizzaro to Doty was not fraudulent, and they failed to provide any evidence or argument that Doty's or Simmons' homestead declarations were valid, or that the transfers from Doty to Simmons, or from Simmons to D'Haenens were not fraudulent." A copy of the Order Granting Plaintiffs' Motion for Summary Judgment and for Fees and Costs and Denying Defendants' Counter-Motion for Summary Judgment re: Attorney's Fees is attached as **Exhibit 11** ("Fraudulent Transfer Order").

36. The Fraudulent Transfer Action Court also held that D'Haenens, Doty and Simmons all violated NRS 112.180, which prohibits transfers where the debtor does not receive reasonably equivalent value and the debtor believed or reasonably should have believed that the debtor would incur debts beyond his ability to pay as they became due. Exhibit 11, at 8, 9.

37. The Fraudulent Transfer Action Court also held that D'Haenens, Doty and Simmons all made fraudulent transfers of the Property in violation of NRS 112.190, because, among other things, D'Haenens did not receive reasonably equivalent value for transferring the Property and because D'Haenens was either insolvent or became insolvent due to the transfer. *Id.* at 9.

- 5 -

4818-9137-3380

38. However, the Fraudulent Transfer Order specifically excludes D'Haenens as he filed for bankruptcy just prior to entry of the Fraudulent Transfer Order. Exhibit 11, at 10.

## IV.

## FIRST CLAIM FOR RELIEF

## (OBJECTION TO DISCHARGEABILITY OF CLAIM – 11 U.S.C. § 523(a)(2))

39. Plaintiffs repeat and incorporate all preceding allegations.

40. Pursuant to 11 U.S.C. §523(a)(2) a discharge under section 727 or 1141 does not discharge an individual debtor from any debt for money or property to the extent obtained by false pretenses, false representations or actual fraud.

41. The Arbitrator specifically found, and the Eighth Judicial District Court confirmed, that D'Haenens "acted willfully, maliciously and fraudulently" in his actions "to steal multiple and fruitful corporate opportunities from Claimants, and in converting funds of the Claimant to carry out [his] other despicable conduct." Exhibit 2, at 2, Exhibit 1, 24.

42. The Eighth Judicial District Court confirmed the Arbitrator's finding that the damages caused by D'Haenens' conduct were in excess of $6,000,000. *Id.* at 2.

43. The Eighth Judicial District Court confirmed the Arbitrator's finding that D'Haenens liable to Plaintiffs for punitive damages of $500,000. *Id.*

44. The Court in the Fraudulent Transfer Action held that D'Haenens' transfer of the Property to Doty was a fraudulent transfer. Exhibit 11, at 8-10.

45. As a result of D'Haenens' fraudulent or otherwise improper conduct, Plaintiffs have suffered damages in an amount to be proven at trial.

46. Plaintiffs are entitled to a judgment that all amounts owed to Plaintiffs by D'Haenens be excepted from discharge under 11 U.S.C. § 523(a)(2).

## SECOND CLAIM FOR RELIEF

## (OBJECTION TO DISCHARGEABILITY OF CLAIM – 11 U.S.C. § 523(a)(4))

47. Plaintiffs repeat and incorporate all preceding allegations.

///

- 6 -

4818-9137-3380

48. At all times relevant to this Complaint, D'Haenens acted in a fiduciary capacity to Plaintiffs, given his ownership and role in Half Dental.

49. D'Haenens owed Plaintiffs a duty to act in their best interests, and in breach of that duty, "usurp[ed] business opportunities, by unilaterally dissolving the company, by converting company property and money, by interfering with contractual relationships between Half Dental and other business, and by defying court orders that were entered to prevent D'Haenens from engaging in such conduct." Exhibit 2, at Exhibit 1, 14.

50. D'Haenens engaged in these activities for his own personal gain.

51. D'Haenens acted with wrongful intent, or at a minimum, with conscious disregard of his fiduciary duties to Plaintiffs.

52. D'Haenens' actions, described in greater detail in the preceding paragraphs, constitute "fraud or defalcation while acting in a fiduciary capacity" as provided in 11 U.S.C. § 523(a)(4).

53. D'Haenens' actions also constitute "embezzlement" or "larceny" as provided in as provided in 11 U.S.C. § 523(a)(4).

54. As a result of D'Haenens' fraudulent or otherwise improper conduct, Plaintiffs have suffered damages in an amount to be proven at trial.

55. Plaintiffs are entitled to a judgment that all amounts owed to Plaintiffs by D'Haenens be excepted from discharge under 11 U.S.C. § 523(a)(4).

### THIRD CLAIM FOR RELIEF

### (OBJECTION TO DISCHARGEABILITY OF CLAIM – 11 U.S.C. § 523(a)(6))

56. Plaintiffs repeat and incorporate all preceding allegations.

57. Pursuant to 11 U.S.C. §523(a)(6) a discharge under section 727 or 1141 does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

58. The Arbitrator ruled, and the Eighth Judicial District Court confirmed, that D'Haenens was liable to Plaintiffs for his: breaches of contract; breach of fiduciary

- 7 -

4818-9137-3380

duty/defalcation; tortious interference with Plaintiffs' contract and prospective business relationships; conversion and embezzlement of Plaintiffs' assets; and civil conspiracy. Exhibit 2, at 2, Exhibit 1, 14-20.

59. The Eighth Judicial District Court confirmed the Arbitrator's finding that the damages caused by D'Haenens' conduct were in excess of $6,000,000. *Id.* at 2.

60. The Eighth Judicial District Court confirmed the Arbitrator's finding that D'Haenens liable to Plaintiffs for punitive damages of $500,000. *Id.*

61. The Arbitrator specifically found, and the Eighth Judicial District Court confirmed, that D'Haenens "acted willfully, maliciously and fraudulently" in his actions "to steal multiple and fruitful corporate opportunities from Claimants, and in converting funds of the Claimant to carry out [his] other despicable conduct." Exhibit 2, at 2, Exhibit 1, 24.

62. Based on the Arbitration Award, D'Haenens did willfully and maliciously cause injury to Plaintiffs.

63. D'Haenens actions constituted willful and malicious injury to Plaintiffs' property.

64. As a result of D'Haenens' willful and malicious conduct, Plaintiffs have suffered damages in an amount to be proven at trial.

65. Plaintiffs are entitled to a judgment that all amounts owed to Plaintiffs by D'Haenens be excepted from discharge under 11 U.S.C. § 523(a)(6).

///
///
///
///
///
///
///
///

4818-9137-3380

WHEREFORE, Plaintiffs pray for the following relief:

1. For an award pursuant to 11 U.S.C. § 523 excepting from D'Haenens' discharge the claim for all amounts owed to Plaintiffs;

2. For a reasonable award of attorney's fees;

3. For an award of costs of suit; and

4. For such other and further relief as this Court may deem just and equitable.

DATED this 9th day of March, 2017.

                                SNELL & WILMER L.L.P.

By:      /s/ Charles E. Gianelloni
     Bob L. Olson (NV Bar No. 3783)
     Justin L. Carley (NV Bar No. 9994)
     Charles E. Gianelloni (NV Bar No. 12747)
     3883 Howard Hughes Parkway, Suite 1100
     Las Vegas, NV 89169
     Telephone: (702) 784-5200
     Facsimile: (702) 784-5252
     *Attorneys for Half Dental Franchise, LLC, Chayse Myers, Matt Baker, and HDM, LLC*

4818-9137-3380