Victoria L. Nelson, Esq. (NV Bar No. 5436)
Email: vnelson@nelsonhoumand.com
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@nelsonhoumand.com
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
Email: kortiz@nelsonhoumand.com
NELSON & HOUMAND, P.C.
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169-0903
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Electronically Filed On: July 3, 2017*

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>BRANDON MICHAEL D'HAENENS,<br><br>Debtor. | Case No. BK-S-16-16602-BTB<br>Chapter 7<br><br>**MOTION TO EXTEND DEADLINE TO FILE OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4003**<br><br>Date of Hearing:    August 3, 2017<br>Time of Hearing:    11:00 a.m.<br>Place: Courtroom No. 4, Second Floor<br>            Foley Federal Building<br>            300 Las Vegas Blvd., S.<br>            Las Vegas, NV 89101<br><br>Judge: Honorable Bruce T. Beesley[1] |

SHELLEY D. KROHN, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), by and through her counsel of record, Victoria L. Nelson, Esq., Jacob L. Houmand, Esq., and Kyle J. Ortiz, Esq. of the law firm of Nelson & Houmand, P.C., hereby submits this *Motion to Extend Deadline to File Objection to Debtor's Claim of Exemptions Pursuant to Federal Rule of Bankruptcy Procedure 4003* (the "Motion").

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

The Motion is based upon the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any argument that may be presented at the hearing on the Motion.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Motion consistent with Article III of the United States Constitution, the Firm consents to entry of final orders and judgment by this Court. The statutory basis for the relief sought herein are FRBP 4003.

### II.    STATEMENT OF FACTS

1.     On December 13, 2016, BRANDON MICHAEL D'HAENENS (the "Debtor") filed a voluntary bankruptcy petition pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1][3].

2.     On December 13, 2016, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 2].

3.     On April 19, 2017, the Trustee concluded the Debtor's Section 341(a) Meeting of Creditors.

4.     Accordingly, the initial deadline for the Trustee to object to the Debtor's exemptions was May 19, 2017.

5.     On May 16, 2017, the Parties entered into a *Stipulation to Extend Deadline to Object to Debtor's Exemptions Pursuant to Federal Rule of Bankruptcy Procedure 4003* [ECF

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by FRBP 9017.

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

-2-

No. 67] (the "First Exemption Stipulation").

6. The First Exemption Stipulation sought to extend the deadline for the Trustee to file an objection to the Debtor's exemptions from May 19, 2017, up to and including July 3, 2017.

7. On May 17, 2017, the Court entered an *Order Approving Stipulation to Extend Deadline to Object to Debtor's Exemptions Pursuant to Federal Rule of Bankruptcy Procedure 4003* [ECF No. 68].

8. The Trustee and the Debtor have agreed to settle, among other things, any dispute concerning the Debtor's exemptions.

9. The Trustee and the Debtor are in the process of finalizing a settlement agreement and the Trustee seeks a brief extension of the deadline to file an objection to the Debtor's exemptions from July 3, 2017, up to and including August 31, 2017, to allow her to conclude the negotiations concerning the terms of the settlement agreement with the Debtor.

### III.    LEGAL ARGUMENT

FRBP 4003(b)(1) provides, in pertinent part:

> Except as provided in paragraphs (2) and (3), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after the amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before time to object expires, a party in interest files a request for an extension.

FED. R. BANKR. P. 4003(b)(1).

"Cause" is not defined in the Bankruptcy Code or the Bankruptcy Rules; "therefore, the determination is committed to the Court's discretion." *In re Ballas*, 342 B.R. 853, (Bank. M.D. Fla. 2005) (discussing "cause" under Bankruptcy Rule 4004).  However, the Bankruptcy Appellate Panel for the Ninth Circuit indicated that allowing for "an opportunity to investigate fully the nature of' a debtor's claimed exemptions or interest in allegedly exempt property would constitute "cause" under Bankruptcy Rule 4003(b)(1). *See In re Clark*, 266 B.R. 163, 171 (RA.P. 9th Cir. 2001).

. . .

Here, cause exists to extend the deadline to object to the Debtor's exemptions because the Trustee has agreed to settle, among other things, any and all disputes with the Debtor concerning his claimed exemptions. The Trustee and the Debtor are in the process of finalizing the terms of a settlement agreement that will be the subject of a motion to approve compromise filed pursuant to FRBP 9019. In order to allow the Trustee and the Debtor to finalize the terms of such an agreement, a brief extension of the deadline to object to the Debtor's exemptions from July 3, 2017, up to and including August 31, 2017, is appropriate.

### IV.    CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court enter an Order: (a) extending the deadline for the Trustee to file an objection to exemptions claimed by the Debtor from July 3, 2017 up to and including August 31, 2017 pursuant to FRBP 4003(b)(1); and (b) for such other relief as is just and proper.

Dated this 3rd day of July, 2017.

**NELSON & HOUMAND, P.C.**

By: /s/ Jacob L. Houmand
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*