Victoria L. Nelson, Esq. (NV Bar No. 5436)
Email: vnelson@nelsonhoumand.com
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@nelsonhoumand.com
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
Email: kortiz@nelsonhoumand.com
NELSON & HOUMAND PC
1180 North Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Electronically Filed On: August 28, 2017*

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>BRANDON MICHAEL D'HAENENS,<br><br>Debtor. | Case No.  BK-S-16-16602-BTB<br>Chapter 7<br><br>**DECLARATION OF SHELLEY D. KROHN IN SUPPORT OF MOTION TO APPROVE COMPROMISE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**<br><br>Date of Hearing:        September 28, 2017<br>Time of Hearing:        11:00 a.m.<br>Place: Courtroom No. 4, Second Floor<br>                 Foley Federal Building<br>                 300 Las Vegas Blvd., S.<br>                 Las Vegas, NV 89101<br><br>Judge:  Honorable Bruce T. Beesley[1] |

I, SHELLEY D. KROHN, declare as follows:

1.        I am over the age of 18 years and I am competent to make this declaration.  I have personal knowledge of the facts set forth herein, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true.  If called as a witness, I could and would testify as to the matters set forth below based upon my personal knowledge.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP."  The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100, Las Vegas, Nevada 89144
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

2.     I am the appointed Chapter 7 Trustee in the above-captioned bankruptcy case.

3.     I make this declaration to support the *Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion").[2]

**THE PRE-PETITION LITIGATION AGAINST THE DEBTOR**

4.     On or about August 3, 2006, William F. Hendricks, an unmarried man, transferred title to the real property located at 609 Los Feliz Street, Las Vegas, Nevada 89110 [APN 140-35-110-067] (the "Property") to the Debtor and Bizzaro, both as single men and joint tenants.

5.     On or about December 6, 2014, Half Dental Franchise, LLC, HDM, LLC, Chayse Myers, and Matt Baker (collectively, the "Half Dental Parties") commenced an arbitration proceeding against the Debtor and Jason McKew ("McKew") with the American Arbitration Association Commercial Arbitration Tribunal (Case No. 01-14-0002-1009) (the "Arbitration Proceeding").

6.     In the Arbitration Proceeding the Half Dental Parties pursued claims for breach of contract, breach of the covenant of good faith and fair dealing, tortious interference, breach of fiduciary duty/defalcation, conversion, embezzlement, unjust enrichment, civil conspiracy, and declaratory relief against the Debtor and McKew.

7.     On or about June 16, 2015, the arbitration panel in the Arbitration Proceeding entered the *Modified Arbitrator's Decision and Award* (the "Arbitration Award") in favor of the Half Dental Parties and against the Debtor and McKew (the "Arbitration Award").

8.     The Arbitration Award provided that the Half Dental Parties were entitled to damages in the amount of $5,641,223 from the Debtor and McKew.

9.     On or about June 17, 2015, the Half Dental Parties filed a *Motion to Confirm Arbitration Award and Request to Enter Judgment* in the Eighth Judicial District Court,

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100, Las Vegas, Nevada 89144
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

1    requesting that the Arbitration Award be confirmed and that a judgment be entered against the

2    Debtor and McKew pursuant to Nevada Revised Statute ("N.R.S.") § 38.239.

3         10.    On or about June 23, 2015, the Debtor and Severn P. Bizzaro ("Bizzaro")

4    transferred title to the Property to George Edward Doty ("Doty").

5         11.    On or about June 28, 2015, Doty transferred title to the Property to Steven P.

6    Simmons ("Simmons").

7         12.    On July 27, 2015, the Half Dental Parties initiated the action captioned *Half Dental*

8    *Franchise, LLC v. Bizzaro* (Case No. A-15-722175-C) (the "Fraudulent Transfer Action") in the

9    Eighth Judicial District Court.

10        13.    The defendants in the Fraudulent Transfer Action were Bizzaro, Doty, and the

11   Debtor.

12        14.    The only claims for relief asserted by the Half Dental Parties in the Fraudulent

13   Transfer Action sought to avoid various transfers of the Property pursuant to N.R.S. §§ 112.190

14   and 112.180.

**THE DEBTOR'S BANKRUPTCY FILING**

15

16        15.    On December 13, 2016, the Debtor filed a voluntary bankruptcy pursuant to

17   Chapter 7 of Title 11 of the United States Code [ECF No. 1][3].

18        16.    On December 13, 2016, I was appointed as the Chapter 7 Trustee in the Debtor's

19   bankruptcy case [ECF No. 2].

20        17.    On December 13, 2015, the Debtor filed his Schedules of Assets and Statement of

21   Liabilities [ECF No. 1].

22        18.    The Debtor's Schedule A/B identified an ownership interest in the Property that

23   Debtor valued at Two Hundred Ninety Thousand Dollars ($290,000.00). *See* Schedule A/B, p. 14

24   [ECF No. 1].

25   . . .

26   . . .

27

28   [3] All references to "ECF No." are to the numbers assigned to the documents filed in the case as
they appear on the docket maintained by the clerk of the court.

NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100, Las Vegas, Nevada 89144
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

NELSON & HOUMAND, P.C.
1180 North Town Center D ve, Suite 100, Las Vegas, Nevada 89144
Telephone: (702) 72 -3370 Facsimile: (702) 720-3371

19.    The Debtor claimed a homestead exemption in the Property in the amount of $290,000 pursuant to Nevada Revised Statute ("N.R.S.") §§ 21.090(1)(l) and 115.050.  *See* Debtor's Schedule C, p. 19 [ECF No. 1].

20.    Schedule D of the Debtor's bankruptcy petition does not identify any secured creditors. *See* Debtor's Schedule D, p. 21 [ECF No. 1].

21.    On December 14, 2016, the Debtor filed an Amended Schedule C that claimed the full $550,000 homestead exemption in the Property pursuant to N.R.S. §§ 21.090(1)(l) and 115.050. *See* Debtor's Amended Schedule C, p. 1 [ECF No. 11].

22.    On January 27, 2017, the Court in the Fraudulent Transfer Action entered an *Order Granting Plaintiffs' Motion for Summary Judgment and for Fees and Costs and Denying Defendants' Counter-Motion for Summary Judgment Re: Attorney's Fees* (the "MSJ Order").

23.    The MSJ Order rendered judgment in favor of the Half Dental Parties on all claims for relief asserted in the Fraudulent Transfer Action, including attorneys' fees and costs.

24.    The MSJ Order further stated that the defendants in the Fraudulent Transfer abandoned the right to claim a homestead exemption.

25.    The MSJ Order excluded the Debtor as a result of his bankruptcy filing.

26.    The MSJ Order is currently on appeal before the Nevada Supreme Court.

27.    On February 27, 2017, the Debtor filed amended bankruptcy schedules that stated he held a fifty percent (50%) ownership interest in the Property with his brother, Severn P. Bizzaro. *See* Amended Schedules, p. 3 [ECF No. 49].

28.    After my appointment, I arranged for a realtor to view the Property to determine its fair market value and an estimated sale price in the event that it was sold.

29.    The realtor that inspected the Property has informed me that the Property is currently under construction and would require significant repairs in order to be marketed to a retail buyer.

30.    The Debtor and I have entered into the Settlement Agreement that resolves the dispute concerning fraudulent transfer action and the dispute concerning the Debtor's exemption

in the Property. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "1"**.

31.    In consideration of a resolution of the dispute concerning the Fraudulent Transfer Action and the Debtor's homestead exemption, the Debtor shall pay the Estate a lump-sum payment of $62,500 (the "Settlement Sum").[4]

32.    I have agreed, on behalf of the Debtor's estate and any entity owned or controlled by me in my capacity as such, whether now or hereafter, hereby fully releases and discharges, to the maximum extent possible under applicable federal and state law: (a) the Debtor; (b) Bizzaro; (c) Doty; (d) Simmons; and (e) all current and past affiliated entities of the foregoing individuals, along with their respective relatives, members, managers, partners, limited partners, officers, directors, owners, employees, agents, insurers, counsel, and predecessors and successors (collectively, the "Released Parties"), from any and all potential or actual claims, causes of action, derivative claims, debts, liabilities, obligations, contracts, agreements, covenants, representations, warranties, expenses, and attorneys' fees and/or costs, which the Debtor's bankruptcy estate now has, or ever has had, against the Released Parties, whether at law or in equity, including, but not limited to, all claims that were asserted in (or could have been asserted in) the Fraudulent Transfer Action.

33.    The Debtor has agreed to release any and all claims against my bankruptcy estate.

34.    The Debtor and I have negotiated and reached the Settlement Agreement in good faith.

35.    I now file the Motion to obtain court approval of the Settlement Agreement pursuant to FRBP 9019.

36.    I believe that I will be successful if I decided to pursue the Fraudulent Transfer Action or file an objection to the Debtor's homestead exemption. That said, I recognize that the

---

[4] The description of the Settlement Agreement set forth herein and in the Nelson Declaration is a summary only and does not modify or otherwise affect the terms of the Settlement Agreement. To the extent of any conflict between the Settlement Agreement and the description set forth herein, the Settlement Agreement shall control. Capitalized terms used but not defined herein shall have the meaning set forth in the Settlement Agreement.

NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100, Las Vegas, Nevada 89144
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100, Las Vegas, Nevada 89144
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

1  outcome of any litigation is never certain, and there is a possibility that the MSJ Order may be

2  reversed, thereby preventing me from utilizing it to file an objection to the Debtor's homestead

3  exemption. Given this uncertainty, this factor weighs in favor of approval of the Settlement

4  Agreement.

5       37.    Again, I arranged for an experienced real estate agent to review the Property to

6  determine its fair market valuation. I was informed me that the Property is currently under

7  construction and could not be marketed to a retail buyer through the multiple listing service. Due

8  to the significant repairs that the Property requires, any buyer for the Property would have to offer

9  all cash as the Property would not likely pass an inspection or qualify for a conventional

10  mortgage.

11       38.    As result, even if I was successful in pursuing the Fraudulent Transfer Action and

12  a related objection to the Debtor's exemption, it is possible that I would not be able to liquidate

13  the Property for the benefit of the Debtor's creditors.

14       39.    The dispute that is the basis of the Fraudulent Transfer Action does not involve

15  nuanced legal theories, but is factually intensive. Moreover, the MSJ Order did not include the

16  Debtor due to his bankruptcy filing and, therefore, would require the resolution of the dispute

17  before the Nevada Supreme Court before I could seek to amend the MSJ Order to include the

18  Debtor.

19       40.    In addition, there is a possibility that I would have to seek to partition the Property

20  pursuant to Section 363(h) if the MSJ Order is affirmed on appeal because the Property is co-

21  owned by the Debtor and Bizzaro. Accordingly, this factor weighs in favor of the approval of the

22  Settlement Agreement pursuant to FRBP 9019 because litigation of the Fraudulent Transfer

23  Action and any related objection to the Debtor's homestead exemption before this Court would

24  involve significant administrative expenses that would only reduce any distribution to the

25  Debtor's creditors.

26       41.    The Settlement Agreement is in the best interests of creditors because it will result

27  in the recovery of $62,500 that will be available to pay proofs of claim that have been filed in the

28  Debtor's bankruptcy case. Since there are no assets in the Debtor's bankruptcy case available to

pay creditors, approval of the Settlement Agreement will result in the recovery of funds that will allow for a dividend to be paid to creditors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 25 day of August, 2017.

_____
Shelley D. Krohn, Chapter 7 Trustee

NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100, Las Vegas, Nevada 89144
Telephone: (702) 720-3370 Facsimile: (702) 720-3371