**EXHIBIT "1"**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement (the "Agreement") is made and entered into effective as of the date of its full execution (the "Effective Date") by and between Brandon Michael D'Haenens (the "Debtor") and Shelley D. Krohn, the Chapter 7 Trustee appointed for the bankruptcy estate of *In re Brandon Michael D'Haenens* (BK-S-16-16602-BTB) (the "Trustee"). The Debtor and the Trustee shall collectively be referred to herein as the "Parties," or individually, as a "Party." This Agreement is made with respect to the following facts:

## RECITALS

WHEREAS, Half Dental Franchise, LLC, HDM, LLC, Chayse Myers, and Matt Baker (collectively, the "Half Dental Parties") commenced an arbitration proceeding against the Debtor and Jason McKew ("McKew") with the American Arbitration Association Commercial Arbitration Tribunal (Case No. 01-14-0002-1009) (the "Arbitration Proceeding"); and

WHEREAS, in the Arbitration Proceeding the Half Dental Parties pursued claims for breach of contract, breach of the covenant of good faith and fair dealing, tortious interference, breach of fiduciary duty/defalcation, conversion, embezzlement, unjust enrichment, civil conspiracy, and declaratory relief against the Debtor and McKew; and

WHEREAS, on or about June 16, 2015, the arbitration panel in the Arbitration Proceeding entered a *Modified Arbitrator's Decision and Award* (the "Arbitration Award") in favor of the Half Dental Parties and against the Debtor and McKew; and

WHEREAS, the Arbitration Award provided that the Half Dental Parties were entitled to damages in the amount of $5,641,223 from the Debtor and McKew; and

WHEREAS, on or about June 17, 2015, the Half Dental Parties filed a *Motion to Confirm Arbitration Award and Request to Enter Judgment* in the Eighth Judicial District Court, requesting that the Arbitration Award be confirmed and that a judgment be entered against the Debtor and McKew pursuant to Nevada Revised Statute ("N.R.S.") § 38.239; and

WHEREAS, on July 27, 2015, the Half Dental Parties initiated the action captioned *Half Dental Franchise, LLC v. Bizzaro* (Case No. A-15-722175-C) (the "Fraudulent Transfer Action") in the Eighth Judicial District Court; and

WHEREAS, the defendants in the Fraudulent Transfer Action were Severn P. Bizzaro, George E. Doty, Steven P. Simmons, and the Debtor; and

WHEREAS, the only claims for relief asserted by the Half Dental Parties in the Fraudulent Transfer Action sought to avoid various transfers of the real property located at 609 N. Feliz Street, Las Vegas, Nevada 89110 [APN 140-35-110-067] (the "Property") pursuant to N.R.S. §§ 112.190 and 112.180; and

Initials: SDK /LH          Page 1 of 8          Initials: BMD DW

**WHEREAS**, on December 13, 2016, the Debtor filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") [ECF No. 1][1]; and

**WHEREAS**, on December 13, 2016, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 2]; and

**WHEREAS**, on January 27, 2017, the Court in the Fraudulent Transfer Action entered an *Order Granting Plaintiffs' Motion for Summary Judgment and for Fees and Costs and Denying Defendants' Counter-Motion for Summary Judgment Re: Attorney's Fees* (the "MSJ Order"); and

**WHEREAS**, the MSJ Order rendered judgment in favor of the Half Dental Parties on all claims for relief asserted in the Fraudulent Transfer Action, including attorneys' fees and costs; and

**WHEREAS**, the MSJ Order excluded the Debtor as a result of his bankruptcy filing; and

**WHEREAS**, the MSJ Order is currently on appeal before the Nevada Supreme Court; and

**WHEREAS**, the Trustee, in her investigation of the affairs of the Debtor's bankruptcy estate, has inspected the claims asserted in the Fraudulent Transfer Action and relevant federal and state case law, and has concluded that:

(a) The Half Dental Parties are creditors of the Debtor;

(b) Because the Debtor is currently in bankruptcy, then, under applicable law, any and all fraudulent conveyance claims held by the Debtor's bankruptcy estate, if any, are equitable interests that are property of the Debtor's bankruptcy estate, and the Trustee has standing to pursue the same; and

**WHEREAS**, the Parties mutually desire to enter into this Agreement, and the terms and implications of the Agreement have been openly and mutually negotiated and agreed to as set forth herein; and

**WHEREAS**, the terms and conditions have been fully explained to each Party by their respective counsel of choice. The Parties certify that they have been afforded a reasonable opportunity to consider this Agreement, and the Parties have carefully read and fully understand all of the provisions and effects of this Agreement; and

---

[1] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

Initials: _____    Page 2 of 8    Initials: _____

NOW, THEREFORE, for and in consideration of the mutual covenants, agreements, understandings, undertakings, representations, warranties and promises, and subject to the conditions hereinafter set forth, and intending to be legally bound thereby, the Parties covenant and agree as follows:

## AGREEMENT

1. **Settlement Sum.** In consideration of the release provided in Sections 2 and the other covenants and agreements made by the Parties in this Agreement, the Debtor shall pay the Trustee a lump-sum payment of $62,500 (the "Settlement Sum"). Such payment shall be made by transferring the Settlement Sum (by wire or check) to Trustee's counsel upon execution of this agreement. The Trustee shall cause her counsel to hold the Settlement Sum in trust until fourteen (14) days after the entry of a final order by the Bankruptcy Court approving this Agreement (or, if there is an appeal, until fourteen (14) days after the entry of a non-appealable order with respect to the appeal that affirms the order), after which time this Agreement becomes final and Trustee's counsel shall thenceforth transfer the funds to the Trustee.

2. **Release by Trustee.** The Trustee, on behalf of the Debtor's estate and any entity owned or controlled by the Trustee in her capacity as such, whether now or hereafter, hereby fully releases and discharges, to the maximum extent possible under applicable federal and state law: (a) the Debtor; (b) Severn P. Bizzaro; (c) George E. Doty; (d) Steven P. Simmons; and (e) all current and past affiliated entities of the foregoing individuals, along with their respective relatives, members, managers, partners, limited partners, officers, directors, owners, employees, agents, insurers, counsel, and predecessors and successors (collectively, the "Released Parties"), from any and all potential or actual claims, causes of action, derivative claims, debts, liabilities, obligations, contracts, agreements, covenants, representations, warranties, expenses, and attorneys' fees and/or costs, which the Debtor's bankruptcy estate now has, or ever has had, against the Released Parties, whether at law or in equity, including, but not limited to, all claims that were asserted in (or could have been asserted in) the Fraudulent Transfer Action. The Debtor and the Released Parties acknowledge that the Trustee makes no specification, identification, representation, or warranty as to the nature and scope of the claims released herein. The intent of the release under this section is to provide the Debtor and the Released Parties with the maximum release possible of all claims, whether known or unknown, that the Debtor's bankruptcy estate holds, if any.

3. **Release of Claims Against the Trustee.** On behalf of the Debtor and any entity owned or controlled by Debtor whether now or hereafter, hereby fully and forever completely release, acquit and discharge the Trustee or her past, present and future, agents, managing agents, attorneys, assigns, employees, and all other persons and entities acting by or on their behalf or claiming through them of and from all manner of claims, counter-claims, cross-claims, third-party claims, demands, losses, expenses, damages (whether general, special or punitive), costs and expenses, attorneys' fees, expert/consultant fees (whether incurred prior to or after the execution of this Agreement), arbitration awards, suits, judgments, actions, contractual rights/provisions, orders, defects, action or actions, causes of action, economic and personal/psychological injuries, rights, debts, agreements, promises, liens, indemnities, liabilities of whatever kind and nature, whether known or unknown, suspected or unsuspected, claimed or

Initials: [signatures]     Page 3 of 8     Initials: [signatures]

unclaimed, fixed or contingent, matured or unmatured, liquidated or unliquidated, accrued or unaccrued, existing or potential, whenever and however occurring and whether at law or in equity which each has or might in the without limitation or exception, whether known or unknown, suspected or unsuspected, whether based on fraud, fraudulent transfer, embezzlement, misappropriation of funds, conversion, theft, breach of fiduciary duty, malpractice, tort, violation of law, statute or ordinance, or equitable theory of recovery, or any other theory of liability or declaration of rights whatsoever, which the Debtor has as of the execution of this Agreement or acquires from any third-parties after the execution of this Agreement. The release under this section shall also include the right of the Released Parties to file a proof of claim pursuant to 11 U.S.C. § 502(h).

4.  **Reservation of Rights.** Notwithstanding anything to the contrary contained in this Agreement, the Parties expressly reserve unto themselves any claims or causes of action, whether at law or in equity, arising out of the non-performance of this Agreement by a Party.

5.  **Approval of Agreement by Bankruptcy Court.** The Parties acknowledge that this Agreement (and all obligations and releases contained herein) is expressly contingent on bankruptcy court approval pursuant to Federal Rule of Bankruptcy Procedure 9019. In the event that the Bankruptcy Court does not approve this Agreement for any reason, or if there is a final, non-appealable order of an appellate court reversing an order of the Bankruptcy Court approving this Agreement, then (a) this Agreement is null and void, and of no effect, and (b) the Trustee shall return the Settlement Sum to the Debtor's counsel within five (5) business days. The Debtor agrees not to oppose the approval of this Agreement, either as Party hereto or by and through any company he owns or otherwise manages or controls. The Trustee shall take all necessary and appropriate action to prepare and file a motion for the approval of the settlement as documented by this Agreement by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019. The Trustee shall use her best efforts to obtain approval of the motion including, without limitation, defending it against any objections. Any order issued by the Bankruptcy Court granting the motion shall incorporate this Agreement as part of its terms.

6.  **Entire Agreement.** This Agreement constitutes the entire agreement of the Parties and supersedes all prior agreements, statements and representations with respect to the matters resolved herein.

7.  **Successors Bound.** This Agreement is binding upon and inures to the benefit of the heirs, successors and assigns of the Parties.

8.  **Governing Law.** This Agreement shall be construed and interpreted in accordance with the laws of the State of Nevada and the United States Bankruptcy Code.

9.  **Bankruptcy Court Jurisdiction.** In the event of a dispute concerning this Agreement, the Parties agree and consent to the jurisdiction of the Bankruptcy Court.

Initials: _SDK_ _ALH_          Page 4 of 8          Initials: _BMD_ _DW_

10. **Independent Counsel.** The Parties represent and warrant that they have been advised that they should be represented by counsel of their own choosing in the preparation and analysis of this Agreement, that they have been represented by their own independent counsel and that they have read this Agreement and believe that they are fully aware of and understand the contents hereof and its legal effect. The Parties further represent and warrant that they have entered into this Agreement voluntarily and with the approval and advice of their counsel.

11. **Countersigned And Faxed Signatures.** It is understood and agreed that signatures or copies sent by facsimile transmission or countersigned documents are fully enforceable as originals signed by the Parties.

12. **Attorney's Fees.** In the event of any litigation among the Parties, including any appeals, in connection with or arising out of this Agreement, the prevailing Party shall recover all of its costs and expenses, including experts' fees, and attorneys' fees actually incurred, which shall be determined and fixed by the court as part of the judgment. The Parties covenant and Agree that they intend by this section for the prevailing Party to recover for all attorneys' fees actually incurred by the prevailing Party at the attorneys' then existing normal hourly rate and that this section shall constitute a request to the court that such rate or rates be deemed reasonable.

13. **Representations and Warranties.** Each Party hereby represents and warrants to the other Parties as follows, which shall be true and accurate as of the Effective Date:

    a. The execution and delivery of this Agreement and consummation of the transactions contemplated hereby have been duly authorized by all necessary action on the part of the Party and no other proceedings on the part of the Party are necessary to authorize this Agreement or any of the transactions contemplated hereby.

    b. This Agreement has been duly executed and delivered by the Party and constitutes a legal, valid and binding obligation of the Party and, assuming this Agreement constitutes a legal, valid and binding obligation of the other Parties, is enforceable against the Party in accordance with its terms.

    c. The execution and delivery of this Agreement does not, and the performance of this Agreement will not: (i) violate the constituent documents of the Party, if any; (ii) conflict with or violate any law, rule, regulation, order, judgment or decree applicable to the Party or by which the Party and its assets are bound or affected; or (iii) result in any material breach of or constitute a material default (or an event that with notice or lapse of time or both would become a material default) under, or impair the rights of the Party or alter the rights or obligations of any third party under, or give to others any rights of termination, amendment, acceleration or cancellation of, or result in the creation of a material encumbrance on any of the material properties or assets of the Party pursuant to, any note, bond, mortgage, indenture, contract, agreement, lease, license, permit, franchise, concession, or other instrument or obligation to which the Party is a party or by which the Party or its assets are bound or affected.

Initials: *[signatures]* SDK/JLH    Page 5 of 8    Initials: *[signatures]* BMD/DW

14. **Time of the Essence.** Time is of the essence of this Agreement, and in all the terms, provisions, covenants and conditions hereof.

15. **Severability.** Nothing contained herein, shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provisions contained herein and any present or future statute, law, ordinance or regulation, the latter shall prevail, but the provision of this Agreement which is affected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the statute, law, ordinance or regulation.

16. **Further Assurances.** Each of the Parties shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder to carry out the intent of the Parties.

17. **Modifications or Amendments.** No amendment, change or modification of this Agreement shall be valid, unless in writing and signed by all of the Parties.

18. **Non-Waiver.** No waiver by any Party hereto of a breach of any provision of this Agreement shall constitute a waiver of any preceding or succeeding breach of the same or any other provision hereof.

19. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

20. **Number and Gender.** In this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so requires.

21. **Captions and Headings.** The captions and headings appearing at the commencement of the sections hereof are descriptive only and for convenience in reference.

22. **Costs and Expenses.** Each of the Parties shall pay all of its own costs and expenses in connection with the Action, including, but not limited to, legal fees, accounting fees, and any other costs and expenses incurred or to be incurred by it or them in negotiating and preparing this Agreement. Nothing in this section is meant to alter or otherwise diminish a Party's ability to recover attorneys' fees and costs incurred in enforcing the terms of this Agreement as set forth in Section 14.

23. **Parties in Interest.** Nothing in this Agreement, whether express or implied, is intended to confer any rights or remedies under or by reason of this Agreement on any persons or entities other than the Parties and their respective successors and assigns, nor is anything in this Agreement except as provided herein intended to relieve or discharge the obligation or liability of any third parties to any Party to this Agreement, nor shall any provision give any third parties any right of subrogation or action over or against any Party to this Agreement.

Initials: SDK / LH          Page 6 of 8          Initials: BMD / DW

24. **Notices.** Any and all notices and demands by any Party to any other Party, required or desired to be given hereunder shall be in writing and shall be validly given only if deposited in the United States mail, certified or registered, postage prepaid, return receipt requested, or if made by Federal Express or other delivery service which keeps records of deliveries and attempted deliveries, or if made by facsimile machine with electronic confirmation of receipt (receipt of which is acknowledged or if a copy thereof is promptly delivered by a delivery service which keeps records of deliveries and attempted deliveries). Service shall be conclusively deemed made on the first business day delivery is attempted, and addressed as follows:

*To Trustee:*

Shelley D. Krohn, Chapter 7 Trustee
c/o Jacob L. Houmand, Esq.
Kyle J. Ortiz, Esq.
NELSON & HOUMAND, P.C.
1180 North Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: 702.720.3370
Facsimile: 702.320.3371

*To the Debtor:*

David J. Winterton, Esq. (NV Bar No. 4142)
DAVID WINTERTON & ASSOCIATES, LTD.
1140 N. Town Center Drive, Suite 120
Las Vegas, Nevada 89144
Telephone: 702.363.0317
Facsimile: 702.363.1630

Any Party may change its address for the purpose of receiving notices or demands as herein provided by a written notice given in the manner aforesaid to the other Parties, which notice of change of address shall not become effective, however, until the actual receipt thereof by the other Parties.

25. **No Admission.** Each of the Parties hereto acknowledges and agrees that the terms of this Agreement are contractual and that the agreements herein contained and the consideration given hereunder is to compromise and settle the Trustee Claims and to avoid litigation. Accordingly, the Parties hereto acknowledge and agree that no statement made herein or payment, release, or other consideration given hereunder shall be construed as an admission by any Party of any kind or nature whatsoever.

*[Remainder of Page Is Left Intentionally Blank]*

26. **Interpretation.** This Agreement is the result of negotiations among the Parties who have each negotiated and reviewed its terms. No Party shall be deemed to be the drafter for purposes of interpreting any ambiguity or uncertainty in this Agreement against that Party.

Executed this 25 day of August, 2017.

Shelley D. Krohn, Chapter 7 Trustee

*/s/ Shelley Krohn/*

Executed this 24th day of August, 2017.

Counsel for Shelley D. Krohn, Chapter 7 Trustee

*/s/ Victoria Nelson/*

Victoria L. Nelson, Esq. (NV Bar 5426)
Jacob L. Houmand, Esq. (NV Bar 12781)
Kyle J. Ortiz, Esq. (NV Bar No. 14252)
NELSON & HOUMAND, P.C.S
1180 North Town Center Drive, Suite 100
Las Vegas, Nevada 89144

Executed this 9TH day of August, 2017.

Brandon Michael D'Haenens, Chapter 7 Debtor

*/s/ Brandon D'Haenens/*

Executed this 10 day of August, 2017.

Counsel for Brandon Michael D'Haenens, Chapter 7 Debtor

*/s/ David Winterton/*

David J. Winterton, Esq. (NV Bar No. 4142)
DAVID WINTERTON & ASSOCIATES, LTD,
1140 N. Town Center Drive; Suite 120
Las Vegas, Nevada 89144

Initials: SDK JLH

Page 8 of 8

Initials: BMD DW